**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WESTERN ELECTRIC, INC., Respondent.**

**No. 76–2046.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1977.

Decided July 27, 1977.

William R. Stewart, Atty., N.L.R.B., Washington, D.C. (argued), John D. Burgoyne, Asst. Gen. Counsel, Susan Tepper Papadopoulos, Atty., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel of N.L.R.B., Washington, D.C., on brief, for petitioner.

Lawrence M. Joseph (argued), and Robert A. Levitt, New York City, on brief, for respondent.

Before MATTHES, Senior Circuit Judge, BRIGHT, Circuit Judge, and MILLER *, Judge.

MATTHES, Senior Circuit Judge.

█ This is a petition for enforcement of an order of the National Labor Relations Board. We hold that the Board's order was not supported by substantial evidence and we deny enforcement.

The International Brotherhood of Electrical Workers, Local No. 1974, represents hourly rated non-supervisory production and maintenance employees at the Omaha plant of Western Electric, Inc. In Autumn

* The Honorable Jack R. Miller, Judge, U. S. Court of Customs and Patent Appeals, sitting by designation.

of 1974, Western Electric began to declare "surplus" and lay off employees in the bargaining unit represented by Local No. 1974. By early 1975, the number of employees in the unit had decreased from approximately 5,000 to approximately 3,000. During the same period, non-unit employees were also declared "surplus," and the number of non-unit employees at the Omaha plant decreased from approximately 1,000–1,200 to approximately 825. Some of the surplus non-unit employees were transferred to employment in the bargaining unit.[1] The union suspects that bargaining unit members are being laid off, and that Western Electric is filling their places in the unit with "surplus" salaried, non-unit employees whose high seniority makes it unlikely that they will be laid off.

In March 1975, the union requested the names, grades, rates of pay, ratings, service dates, department numbers and qualifications of salaried employees who had been transferred into the bargaining unit and requested the same information with respect to all of the non-unit employees who had less seniority than those already transferred into the unit. Western Electric supplied the requested information for the transferred employees, but refused to provide the information for its other non-unit employees. The union filed an unfair labor practice charge with the NLRB in September 1975. After a hearing, the administrative law judge found that the union had shown that the requested information was relevant and that its denial hampered the union in its duties and responsibilities, and constituted an unfair labor practice under §§ 8(a)(1) and (5) of the National Labor Relations Act. Citing *Curtiss-Wright Corp. v. NLRB*, 347 F.2d 61 (3d Cir. 1965), the administrative law judge ordered Western Electric to cease and desist from refusing to supply the requested information to the union, and to provide such information on

non-unit employees in the future upon the union's request. The NLRB affirmed the findings of the administrative law judge and further ordered Western Electric to cease and desist from infringing employee rights, "[i]n any like or related manner * * *.[2] The Board now petitions this court for enforcement of its order.

We are required to uphold a finding by the Board if it is supported by substantial evidence, considered on the record as a whole. 29 U.S.C. § 160(e). We have carefully examined the record in this case and conclude that substantial evidence does not support the finding that the requested information on non-unit employees was relevant to the union's performance of its duties.

An employer must "provide information that is needed by the bargaining representative for the proper performance of its duties." *NLRB v. Acme Industrial Co.*, 385 U.S. 432, 435–36, 87 S.Ct. 565–568, 17 L.Ed.2d 495 (1967); *NLRB v. Twin City Lines, Inc.*, 425 F.2d 164, 167 (8th Cir. 1970). When a union requests information concerning employees outside of the bargaining unit, the union must show that the requested information is relevant to bargainable issues. *San Diego Newspaper Guild, Local 95 v. NLRB*, 548 F.2d 863, 867 (9th Cir. 1977); *NLRB v. Rockwell-Standard Corp.*, 410 F.2d 953, 957 (6th Cir. 1969); *Curtiss-Wright Corp. v. NLRB, supra* at 68. The union failed to make the requisite showing of relevance here.

The facts in this case are distinguishable from those in the case relied on by the administrative law judge, *Curtiss-Wright Corp. v. NLRB, supra*. That case involved an allegation that the employer was shifting bargaining unit work to non-unit employees. The number of unit employees was being decreased while the number of

---

1. The record indicates that at the time of the hearing before the administrative law judge, *infra*, 40–45 non-unit employees had been transferred into the unit.

2. The Board also required Western Electric to post a notice stating that it would not refuse to supply the requested information on non-unit employees, would provide such information on the union's request, and would not "in any like or related manner interfere with, restrain or coerce employees in the exercise of their rights * * *[.]"

non-unit employees was being increased. Here, both unit and non-unit populations were decreasing. Work was not being shifted away from the bargaining unit. Rather, the contention is that non-unit employees were moved into the unit, displacing those with less seniority.

The issue in this case was raised in *International Telephone & Telegraph Corp. v. NLRB*, 382 F.2d 366 (3d Cir. 1967), *cert. denied*, 389 U.S. 1039, 88 S.Ct. 777, 19 L.Ed.2d 829 (1968). That case involved a union request for the seniority status of all non-unit employees (who might be transferred into the bargaining unit, thereby "bumping" unit members with less seniority down the seniority ladder). The employer agreed to provide such information only for employees already transferred. The NLRB found that failure to provide blanket seniority information for a nine-month period violated §§ 8(a)(1) and (5) of the National Labor Relations Act. However, the Third Circuit disagreed, stating:

> * * * we see no reason why the petitioner's disclosure obligation cannot be met by furnishing seniority data of an individual non-unit employee shortly before his transfer into the unit. Imparting individual seniority data at this time would not place the union in any worse position than it would be if it was permitted to obtain comprehensive data for all employees eligible before any transfers were contemplated.
>
> Similarly, it has not been established that the union needed such information in order to "administer" the collective bargaining agreement. The Board theorizes that without such information the union cannot perform its function of "counselling and advising unit employees of their rights and status under the contract." But it is not indicated how the rights and status of an employee might be affected before a transfer into the unit should become imminent. Indeed, since transfer cannot occur until certain conditions precedent are met, long-range predictions of transfers must be speculative.

382 F.2d at 371–72.

■■ The record fails to show how the union would be more effective in meeting its obligations under the bargaining agreement if the employer provided the requested information for non-unit employees other than those designated for transfer into the bargaining unit.[3] The Board argues that the requested data might show that Western Electric, when faced with an impending layoff, selects for transfer into the unit non-unit employees with high seniority who will "bump" unit members with lower seniority when the layoff is eventually effected. The union has the right, through grievance procedures, to raise such issues as Western Electric's right to transfer salaried employees into the unit, improper creation of vacancies in the unit, and wrongful displacement of employees already in the unit by transferred employees. Certainly, the requested information in the case of transferred employees is relevant to those issues, and the union has a right to it. However, the same information on non-unit employees who have not been designated for transfer does not relate directly to any of these matters. Generally, the union has no right to monitor the hiring, firing, reassignment, or "surplussing" of employees outside the unit—matters not within the union's province under the collective bargaining agreement. The Board fails to persuade us that the record shows the union to have a legitimate need to know Western Electric's criteria for selecting non-unit employees for transfer, or to receive any of the information sought on non-unit employees until they are designated for transfer into the bargaining unit.

The petition of the Board for enforcement of its order is denied.

---

3. During oral argument in this case, counsel for the respondent assured the court that Western Electric would provide the union with all the requested information respecting any non-unit employee when those to be transferred are identified.